USDC SDNY
DOCU E
L    . ( .Y FILED
D
DATE FILED: 1-11-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
HENRY PLATSKY,

               *Plaintiff*,

    - against -

CHAIM LAZAR, Manager, The Orenstein Building,

              *Defendant.*
------------------------------------x

15 Civ. 2454 (PAC) (FM)

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Henry Platsky sued Chaim Lazar, manager of the United Jewish Council Bialystoker Synagogue Houses, along with five government officials, for alleged violations of federal housing regulations. The Court dismissed Platsky's claims against the government defendants (Dkt. 5), after which Lazar, the sole remaining defendant, moved to dismiss (Dkt. 27). The matter was referred to Magistrate Judge Frank Maas, who issued a report and recommendation (R&R) on November 30, 2015, recommending that the Court dismiss Platsky's claims against Lazar with prejudice. (Dkt. 47.) The R&R advised Platsky that he had fourteen days to file objections to the R&R and warned that "failure to file timely objections will result in a waiver of those objections for purposes of appeal." (*Id.* at 11–12.) The Court received Platsky's objections, which were dated December 22, 2015, on December 23, 2015. (Dkt. 48.) They were untimely.

    "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court finds no clear error in Magistrate Judge Maas's R&R. And even if the Court were to consider Platsky's untimely objections, those objections would fail. Section 202 of the Housing Act of 1959 does not create an implied private right of action to enforce regulations promulgated under the Act.

1

All of Platsky's arguments to the contrary are unavailing. The Court agrees with Magistrate Judge Maas that under even the most liberal reading of the complaint, Platsky cannot state a legally sufficient claim for relief.

The Court GRANTS Lazar's motion to dismiss with prejudice in its entirety. The Clerk is directed to enter judgment and terminate the action. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

Dated: New York, New York
       January 11, 2016

                                  SO ORDERED

                                  PAUL A. CROTTY
                                  United States District Judge

Copies mailed to:

Henry Platsky
174 Avenue A, Apt. 1D
New York, N.Y. 10009